IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN KACHMAR, ESQUIRE, | : | Case No.: 4:05cv413 |
| Plaintiff | : | |
| | : | Judge Jones |
| v | : | |
| | : | |
| CITY OF POTTSVILLE, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

April 18, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12 ("the Motion") (doc. 5) filed by Defendants, the City of Pottsville and Dennis Wiederhold (collectively "Defendants") on March 17, 2005.

For the reasons that follow, we will deny Defendants' Motion to Dismiss without prejudice.

## PROCEDURAL HISTORY:

Plaintiff initiated this action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on February 25, 2005. (See Rec. Doc. 1, ¶ 1).

On March 17, 2005, Defendants filed the instant Motion to Dismiss, which has been briefed by the parties. The Motion is therefore ripe for disposition.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**FACTUAL BACKGROUND:**

Plaintiff Steven Kachmar ("Plaintiff" or "Kachmar"), an attorney who practices in Schuylkill, Northumberland, Carbon, and Upper Berks Counties, alleges that on February 22, 2005, he was driving alone near the Schuylkill County Courthouse to represent clients at a Meeting of Creditors scheduled pursuant to §

341 of the Bankruptcy Code before the appointed Trustee William G. Schwab. (See Compl. at ¶¶ 3, 7). Plaintiff asserts that he became disoriented while driving as a result of necessary medication taken due to a kidney transplant Plaintiff received on February 4, 2003. Id. at ¶ 9. In addition, the vehicle that Plaintiff had been operating had a damaged wheel and tire "but because of [Plaintiff's] mental condition at the time, he did not realize the extent of the damage." Id. at ¶ 17.

Because of the afore-referenced transplant, Plaintiff is required to take anti-rejection medication, such as Prograf and Cellcept. Id. at ¶ 16. Plaintiff also takes prednisone, medication for high blood pressure, and Celexa and Ambien for anxiety. Id. Plaintiff wears a Medical Alert bracelet on his left wrist, which notes the kidney transplant and contains his physician's contact information. Id. at ¶ 15.

On February 22, 2005, several police officers, including Officer Durkin, surrounded Plaintiff with their police vehicles with emergency lights activated and stopped him. Id. at ¶ 19. Plaintiff was approached by Defendant Dennis Wiederhold ("Officer Wiederhold"), a uniformed police officer for the Pottsville Police Department. Id. at ¶ 8. Officer Wiederhold asked Plaintiff to exit his vehicle and inquired as to whether Plaintiff had been drinking. Id. at ¶ 11. Plaintiff responded that he does not drink. Id. Officer Wiederhold inquired a second time as to whether Plaintiff had been drinking and Plaintiff again stated that

he does not drink. Id. at ¶ 12. Officer Wiederhold then requested that Plaintiff perform a sobriety test of "walking a straight line" but Plaintiff was unable to do so because he was "so disoriented." Id. at ¶ 13. Plaintiff asserts that shortly thereafter, Officer Wiederhold told Plaintiff to put his hands behind his back and he was placed in handcuffs. Id. at ¶ 14.

Officer Wiederhold impounded Plaintiff's vehicle and then transported him to the Pottsville Hospital and Warne Clinic for a blood test. Id. at ¶¶ 20-21. After the blood test, Officer Wiederhold released Plaintiff and he asserts that he walked to his office at Centre and Norwegian Streets in Pottsville. Id. at ¶ 20. Later that day, Plaintiff alleges that he left a message for Officer Wiederhold to ask if he could retrieve documents from a briefcase located in his vehicle; however, Plaintiff did not receive a return phone call. Id. at ¶ 22.

Plaintiff asserts that Officer Wiederhold's conduct is a direct result of a pattern, practice, and custom of subjecting citizens of Pottsville to unreasonable force, arrest, and prosecution without probable cause. Id. at ¶ 24. Plaintiff alleges that as a result of Defendants' actions, he suffered physical and psychological harm, pain and suffering, financial loss, and damage to his reputation. Id. at ¶¶ 26, 28.

**DISCUSSION:**

In the Motion, Defendants make the following three primary arguments: first, that the Court should dismiss Plaintiff's complaint against Officer Wiederhold in his individual capacity because Plaintiff failed to state a claim upon which relief can be granted; second, that in the alternative the Court should dismiss the complaint against Officer Wiederhold in his individual capacity because he is entitled to qualified immunity; and third, that the Court should dismiss the complaint against Officer Wiederhold in his official capacity and the City of Pottsville because Plaintiff failed to state claims upon which relief can be granted. (See Defs.' Br. Supp. Mot. Dismiss at 4).

In his complaint, Plaintiff has asserted federal civil rights claims and supplemental state law claims.  We specifically note that Plaintiff alleges that Defendants have violated his First, Fourth, and Fourteenth Amendment rights, including Plaintiff's "right to be free from unreasonable and excessive force, an unlawful search and seizure, unlawful arrest, malicious prosecution, to be secure in his person and property and to due process of law."  (See Compl. at ¶ 30). Additionally, Plaintiff has asserted a municipal liability claim against Defendant City of Pottsville. See id. at ¶¶ 32-34.  With regard to the supplemental state law claims, Plaintiff has alleged the following: assault, battery, false arrest, false

imprisonment, malicious prosecution, and intentional infliction of emotional distress.  Id. at ¶ 36.

After a review of the complaint, we conclude that out of an abundance of caution and in the interest of justice, we will sua sponte direct Plaintiff to file an amended complaint in this case.[1]  See Wallace v. Systems & Computer Technology Corp., 1996 WL 195382, *9 (E.D. Pa. 1996).  In the amended complaint, which we direct Plaintiff to file with the Court within thirty (30) days of the date of this Order, Plaintiff shall provide more specific allegations regarding the alleged constitutional violations committed by Defendants in this matter, including, but not limited to the specific police conduct alleged to be unreasonable and violative of Plaintiff's constitutional rights.

Accordingly, we will deny Defendants' Motion to Dismiss without prejudice.  By dismissing the pending Motion we are not precluding Defendants from filing a new motion seeking dismissal of the amended complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff shall file an Amended Complaint within thirty (30) days of the date of this Order.

---

[1] As we are sua sponte directing Plaintiff to file an amended complaint and instructing Plaintiff to supplement his allegations with additional information as more fully explained herein, we do not at this time reach the merits of Defendants' Motion to Dismiss.

2. Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint in accordance with the Federal Rules of Civil Procedure.

3. Defendants' Motion to Dismiss (doc. 5) is denied without prejudice.

s/ John E. Jones III  
John E. Jones III  
United States District Judge
