IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN KACHMAR, ESQUIRE,    : Case No.: 4:05cv413
                                       :
            Plaintiff          :
                                         : Judge Jones
              v                  :
                                         :
CITY OF POTTSVILLE, et al.,        :
                                         :
          Defendants      :

**MEMORANDUM AND ORDER**

October 13, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss the Amended Complaint

Pursuant to Federal Rule of Civil Procedure 12 (doc. 15) filed by Defendants City

of Pottsville and Dennis Wiederhold on June 1, 2005.  We also have before us a

Motion to Dismiss filed by the remaining Defendant Pottsville Hospital and Warne

Clinic (doc. 25) on July 28, 2005.

For the reasons that follow, we will grant both Motions to Dismiss and close

the file on this case.

**PROCEDURAL HISTORY:**

Plaintiff initiated this action by filing a complaint in the United States

District Court for the Middle District of Pennsylvania on February 25, 2005.  (See

1

Rec. Doc. 1, ¶ 1).  In accordance with our April 18, 2005 Order, on May 18, 2005,

Plaintiff filed an amended complaint in the case <u>sub judice</u> in which he added the

Pottsville Hospital and Warne Clinic as an additional named Defendant.

On June 1, 2005, Defendants City of Pottsville and Dennis Wiederhold filed

a Motion to Dismiss, which has been briefed by the parties.  On July 28, 2005,

Defendant Pottsville Hospital and Warne Clinic also filed a Motion to Dismiss,

which has been fully briefed.  The Motions are therefore ripe for disposition.

**<u>STANDARD OF REVIEW</u>:**

In considering a motion to dismiss, a court must accept the veracity of a

plaintiff's allegations.  <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see</u> <u>also</u>

<u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990).  In <u>Nami v. Fauver</u>, 82 F.3d

63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in

considering a motion to dismiss based on a failure to state a claim argument, a

court should "not inquire whether the plaintiffs will ultimately prevail, only

whether they are entitled to offer evidence to support their claims."  Furthermore,

"a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957);

<u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d 310 (3d Cir. 1986).

**FACTUAL BACKGROUND:**

As we explained in our April 18, 2005 Order, Plaintiff Steven Kachmar

("Plaintiff" or "Kachmar"), an attorney who practices in Schuylkill,

Northumberland, Carbon, and Upper Berks Counties, alleges that on February 22,

2005, he was driving alone near the Schuylkill County Courthouse to represent

clients at a Meeting of Creditors scheduled pursuant to § 341 of the Bankruptcy

Code before the appointed Trustee William G. Schwab.  (See Am. Compl. ¶¶ 1-2,

7).  Plaintiff asserts that as he was approaching Pottsville, he became disoriented

while driving "for reasons not known to him and as he drove through the City

streets he became dazed and not capable of controlling his physical function which

would have allowed him to stop his vehicle."  Id. ¶ 8.  "Plaintiff was going in and

out of consciousness during this time."  Id. ¶ 9.

Moreover, Plaintiff states that he is a kidney transplant recipient since 2003

and is required to take certain medication to preserve the integrity of the kidney's

function.  Id. ¶ 10.  Plaintiff wears a medical alert bracelet on his left wrist, which

advises others that he is a transplant patient and it contains his physician's contact

information.  Id. ¶ 20.

Plaintiff further alleges that on February 22, 2005, as he approached the

Schuylkill County Courthouse, he parked his vehicle on Second Street with the

intention of taking his briefcase, containing client files, into the Courthouse; however, as he exited his vehicle, Defendant Dennis Wiederhold ("Officer Wiederhold"), a police officer for the Pottsville Police Department, approached Plaintiff and asked for his driver's license, insurance information, and vehicle registration. Id. ¶¶ 13-14. Plaintiff states that during the above-referenced period of time when he was conversing with Officer Wiederhold and four or five other police officers, he was in a dazed state in which he lacked balance and equilibrium. Id. ¶ 15. Officer Wiederhold asked Plaintiff twice if he had been drinking alcohol, allegedly based upon his observations of Plaintiff and the fact that Plaintiff was driving with a flat tire. Id. ¶¶ 16-17. Plaintiff responded that he does not drink and when asked if he had any medical problems advised Officer Wiederhold that he had a transplanted kidney. Id. ¶ 17. "Plaintiff advised defendant Wiederhold that the medication Plaintiff was currently taking should not effect his balance and equilibrium according to Defendant Wiederhold's report." Id. ¶ 19.

Plaintiff alleges that according to Officer Wiederhold's police report, dexterity and counting tests were taken; however, Plaintiff has no memory of such tests. Id. ¶ 21. The police report further indicates that Officer Wiederhold advised Plaintiff that he was being detained for suspicion of driving while impaired and that he was being transported to the Pottsville Hospital for a blood test. Id. ¶ 22.

4

Plaintiff asserts that Officer Wiederhold then put Plaintiff's hands behind his back, handcuffed him, and transported him to the Pottsville Hospital and Warne Clinic. Id. at ¶¶ 23, 27.  Although Plaintiff alleges that he felt pain on his wrists from the tight handcuffs and began to suffer breathing problems while in the vehicle because of a heart condition, he did not "verbally complain because of being dazed and in a semi-conscious state." Id. ¶ 29.  Subsequently, Plaintiff consented to a blood test, which was administered by Craig Wywadis, an employee of the Pottsville Hospital and Warne Clinic; however, Plaintiff has no memory of said consent. Id. ¶ 31.  Plaintiff alleges that despite the fact that his mental condition continued to deteriorate, instead of offering treatment and/or refusing to treat Plaintiff, the Pottsville Hospital allowed Plaintiff to leave the facility by himself. Id. ¶¶ 32, 35.  However, Plaintiff then avers that Officer Wiederhold offered to transport Plaintiff to a location of his choosing, but Plaintiff advised him that he would walk. Id. ¶ 36.

Later that day, Plaintiff alleges that his office called Womer's Garage, the location to which Plaintiff's vehicle had been towed, to retrieve his briefcase, but he was advised that the vehicle and its contents were impounded and could not be released until a police officer approved the release. Id. ¶ 43. Plaintiff then allegedly left a message for Officer Wiederhold to ask if he could retrieve

documents from a briefcase located in his vehicle; however, the phone call was not returned.  Id. at ¶ 44.

Two weeks later, Plaintiff was notified by Taddeo Garage in Mount Carmel that his vehicle was ready to be picked up.  Id. ¶ 45.  On March 11, 2005, Plaintiff picked up his vehicle and discovered that the majority of the contents of his briefcase had been emptied and that legal documents were scattered all over the floor and front seat of his vehicle.  Id. ¶ 46.  Finally, Plaintiff alleges that an inventory of documents from his briefcase revealed that many legal documents were missing.  Id. ¶ 47.

**DISCUSSION:**

### A.    Motion to Dismiss Filed by Defendants City of Pottsville and Officer Wiederhold

In the Motion, Defendants City of Pottsville and Officer Wiederhold make the following three primary arguments: first, that the Court should dismiss Plaintiff's amended complaint against Officer Wiederhold in his individual capacity because Plaintiff failed to state a claim upon which relief can be granted; second, that alternatively the Court should dismiss the amended complaint against Officer Wiederhold in his individual capacity because he is entitled to qualified immunity for his actions; and third, that the Court should dismiss the amended complaint against Officer Wiederhold in his official capacity and the City of

Pottsville because Plaintiff failed to state claims upon which relief can be granted. (See Defs.' Br. Supp. Mot. Dismiss at 5).

In his amended complaint, Plaintiff has asserted three federal claims, as well as supplemental state claims, against Officer Wiederhold. The first federal claim asserted concerns the allegation that Officer Wiederhold used excessive force when he placed handcuffs on Plaintiff. Second, Plaintiff alleges that Officer Wiederhold unlawfully searched and seized the contends of his briefcase. Lastly, Plaintiff alleges that it was cruel and unusual punishment for Officer Wiederhold to fail to provide medical treatment for Plaintiff's kidney condition.

We initially note that Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 provides the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

In order for a plaintiff to prevail under 42 U.S.C. § 1983, he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights,

7

privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (citing Parratt v. Taylor, 451 U.S. 527, 534 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).

Taking all allegations as true in the amended complaint as we must at this juncture, we find that the City of Pottsville and Officer Wiederhold were acting under color of state law at all relevant times.  However, Plaintiff has failed to establish the second element of a § 1983 claim, that is, that Defendants deprived Plaintiff of a federal right secured under the Constitution or federal law for the reasons that follow.

We will address Plaintiff's claims in turn.

### i.    Use of Excessive Force

Although Plaintiff attempts to assert an excessive force claim under the Fourth, Fifth, Eighth, and Fourteenth Amendments, we are in agreement with Defendants City of Pottsville and Officer Wiederhold that only the Fourth Amendment is arguably implicated by Plaintiff's excessive force claim. As such, our inquiry focuses on the withdrawal of Plaintiff's blood, and prior to that the handcuffing of Plaintiff at the point of the traffic stop.

The United States Supreme Court has held that a blood test performed in an

unreasonable manner violates the Fourth Amendment.  <u>Schmerber v. California</u>,

384 U.S. 757, 768 (1966).  To determine whether a blood test is reasonable

depends upon two separate inquiries: (1) whether the officer had probable cause to

require a test and (2) whether the test was conducted in a reasonable manner.  <u>Id.</u>;

<u>see</u> <u>also</u> <u>Orsatti v. N.J. State Police</u>, 71 F.3d 480, 482-83 (3d Cir. 1995) (The

Fourth Amendment prohibits a police officer from arresting a citizen except upon

"probable cause."); <u>Freeman v. Murray</u>, 163 F.Supp.2d 478, 485-89 (M.D. Pa.

2001), <u>aff'd</u>, 37 Fed. Appx. 49 (3d Cir. 2002).

First, we note that the Court need not address whether the test was

conducted in a reasonable manner because there is no indication within the

amended complaint that Plaintiff's blood was drawn at the Pottsville Hospital in

any fashion other than according to hospital practice.  Second, from the face of the

amended complaint, we find that Officer Wiederhold had ample probable cause to

require a blood test from Plaintiff.  According to Plaintiff's amended complaint,

Plaintiff became disoriented as he **drove** from his home in Lavelle, Pennsylvania

to Pottsville, Pennsylvania and "became dazed and **not capable of controlling his**

**physical function which would have allowed him to stop his vehicle**."  (Am.

Compl. ¶ 8) (emphasis added).[1]  Moreover, Plaintiff asserted that during this period of time he was going in and out of consciousness and that the police report reveals that Plaintiff was driving with a flat tire.  Id. ¶¶ 9, 16.  Accordingly, we conclude that Officer Wiederhold had probable cause under Fourth Amendment reasonableness standards to arrest Plaintiff for driving while under the influence and to require him to submit to a blood test.[2]  Indeed, had he **not** stopped Plaintiff, Officer Wiederhold would have been derelict in his duties, as surely Plaintiff, by his own admission, was a vehicular tragedy waiting to happen.  Having stopped Plaintiff as he did, Officer Wiederhold, again through facts admitted by Plaintiff, had every good reason to obtain a blood alcohol test.  The Supreme Court has instructed that the state may legitimately compel a suspect under probable cause to submit to a blood alcohol test as it is safe, brief, and painless.  See South Dakota v. Neville, 459 U.S. 553, 559, 563 (1983).  That is precisely what took place here. Accordingly, we next turn to the handcuffing issue as presented by Plaintiff.

---

[1] We will observe that Lavelle is a considerable distance from Pottsville, and the primary connecting routes are all two-lane highways with numerous sharp curves.  Given this, and Plaintiff's admittedly disoriented condition, he was fortunate to make it as far as he did without bringing harm to himself, other drivers, or pedestrians.

[2] We note that in Plaintiff's amended complaint, he indicates that he was "detained" for suspicion of driving while impaired, whereas Defendants City of Pottsville and Officer Wiederhold indicate that Plaintiff was "arrested."  The difference in terminology does not affect the import of our holding regarding the fact that Officer Wiederhold possessed probable cause under Fourth Amendment reasonableness to either arrest or detain Plaintiff for driving while under the influence and to require him to submit to a blood test.

Although Plaintiff argues that the mere "placement of handcuffs on Plaintiff on suspicion of driving while impaired is excessive and unreasonable under the circumstances," the Supreme Court has explained that in an excessive force claim, the question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.  Am. Compl. ¶ 55; Graham v. Connor, 490 U.S. 386, 397 (1989).  We find that Plaintiff has failed to allege facts sufficient to establish actual injury, and that the minimal use of force applied to Plaintiff during his arrest was objectively reasonable and not violative of the Fourth Amendment.  See Kopec v. Tate, 371 F.3d 772, 778 n.7 (3d Cir. 2004) ("Where, as here, a plaintiff alleges actual injury inflicted by a police officer in the course of an arrest, and supports his allegation with specific facts so that it cannot be said as a matter of law that the use of force was objectively reasonable, the issue of whether excessive force was employed must be left to the trier of fact.").  We do not find, contrary to Plaintiff's allegations, that Officer Wiederhold "maliciously" placed handcuffs on Plaintiff or that such handcuffing was part of an overarching policy "in all cases without consideration[ ] of the degree or nature of the wrongful conduct[.]"  (Am. Compl. ¶¶ 54, 59).  In addition, although Plaintiff alleges that it was impossible for him to verbally notify Officer Wiederhold of the pain that he felt from the tight handcuffs

based on being incapacitation and "dazed," we note that law enforcement personnel were not put on notice that Plaintiff's handcuffs were too tight, nor did they ignore any plea to loosen the handcuffs. Finally, tight handcuffing alone is insufficient to state a claim of excessive force. See, e.g., Burchett v. Kiefer, 310 F.3d 937, 944-45 (6th Cir. 2002). Again, accepting Plaintiff's allegations as true, as we must at this juncture, Plaintiff has presented us with nothing more than a tight handcuffing claim. Accordingly, the Motion to Dismiss is granted with regard to Plaintiff's Fourth Amendment excessive force claim.

### ii.   Search and Seizure of Legal Documents

Plaintiff has also asserted a search and seizure claim under the Fourth Amendment, by application of the Fourteenth Amendment, regarding an alleged seizure of Plaintiff's vehicle and important legal documents contained within his briefcase in said vehicle.

After a careful review of the record and applicable case law, we are in agreement with Defendants that a post-arrest search and seizure of a vehicle is not *per se* violative of the Fourth Amendment. McFadden v. United States, 814 F.2d 144, 147-48 (3d cir. 1987). Moreover, the Third Circuit Court of Appeals has held that "the authority of police to seize and remove from the street vehicles impeding traffic or threatening safety and convenience is beyond challenge." Id. (quoting

South Dakota v. Opperman, 428 U.S. 364, 369 (1976)).

We conclude that taking Plaintiff's allegations in the amended complaint as true, as we must, Plaintiff has failed to allege facts sufficient to establish that the impounding of his vehicle, which happened to contain his briefcase, was anything more than the removal of an unsafe vehicle from the street after the lawful arrest of its driver, Plaintiff.

Additionally, as Defendants accurately submit, although Plaintiff asserts that Officer Wiederhold violated his rights when he failed to return a telephone message allegedly left by Plaintiff's staff requesting the return of his property, Plaintiff has failed to establish that Officer Wiederhold even received the message.[3] Plaintiff subsequently concludes that Officer Wiederhold violated his rights by dumping his briefcase on the floor of the vehicle and seizing certain documents; however, Plaintiff utterly fails to allege facts sufficient to establish the necessary personal involvement of Officer Wiederhold.  The Third Circuit Court of Appeals has instructed that a defendant in a civil rights action must have personal involvement in the alleged wrongs.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  As Defendants explain, personal involvement can be shown

---

[3] We find Plaintiff's argument that a Fourth Amendment claim has been established based upon the fact that the garage allegedly indicated that the police would need to authorize the release of Plaintiff's vehicle and contents to be unavailing in the case sub judice.

13

through allegations of personal direction or of actual knowledge and acquiescence. Id. Allegations of participation or actual knowledge and acquiescence; however, must be made with appropriate particularity. Id.

In his amended complaint, Plaintiff alleges that his vehicle was impounded on February 22, 2005 to Womer's Garage before being transported at an unknown date to Taddeo Garage in Mount Carmel for repairs. (Am. Compl. ¶¶ 7, 43, 45). The alleged search and seizure was not discovered until March 11, 2005. Id. ¶ 46. We are in agreement with Defendants that Plaintiff has failed to allege sufficient facts to establish that Officer Wiederhold had any involvement in the alleged search and seizure of Plaintiff's briefcase.[4]

Therefore, the Motion to Dismiss is granted with respect to Plaintiff's Fourth Amendment search and seizure claim.

### iii.   Cruel and Unusual Punishment, Denial of Necessary Medical Care

Plaintiff's final federal claim against Defendants City of Pottsville and

---

[4] Additionally, we find it notable as submitted by Defendants that if anything, it appears that Plaintiff has provided an alibi for Officer Wiederhold by alleging that Plaintiff went to the hospital with Officer Wiederhold while Plaintiff's vehicle and briefcase remained at the scene. (Am. Compl. ¶¶ 26-28).

Officer Wiederhold concerns the Eighth Amendment.[5]  In his amended complaint,

Plaintiff asserts that Officer Wiederhold violated the Eighth Amendment when he

failed to call Plaintiff's doctor, failed to inform the hospital of Plaintiff's need for

medical treatment, and acted with deliberate indifference to Plaintiff's medical

needs by allowing him to leave the hospital in his then current state.  Plaintiff

argues that Officer Wiederhold did not satisfy his constitutional duty to provide

medical treatment by transporting Plaintiff to the Pottsville Hospital for a blood

test and accordingly violated Plaintiff's right to medical treatment "as required."

The Eighth Amendment's prohibition against cruel and unusual punishment,

made applicable to the States through the Fourteenth Amendment's due process

clause, requires the State to provide adequate medical care to incarcerated

prisoners.  Robinson v. California, 370 U.S. 660, 667 (1962); Estelle v. Gamble,

429 U.S. 97, 104-6 (1976).[6]  However, Plaintiff's amended complaint reveals that

---

[5] Although Plaintiff alleges that Defendants' allegedly cruel and unusual conduct is also violative of the Fifth, Ninth, and Fourteenth Amendments, our inquiry will be restricted to an analysis of the Eighth and Fourteenth Amendments as they are arguably implicated by this case. The Ninth Amendment provides the following: "The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.  The construction of the Ninth Amendment and its plain language reveal that it provides positive affirmation to the existence of rights which are not enumerated but which are nonetheless protected by other provisions.  The Federalist No. 84 (Modern Library ed. 1937); Griswold v. Connecticut, 318 U.S. 479 (1965).  As Plaintiff has alleged that Defendants' conduct violated enumerated Constitutional rights, the Ninth Amendment is not applicable to our analysis of the pending Motions.

[6] The Supreme Court has instructed that the Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal

15

he was not a prisoner.  He has therefore failed to state an Eighth Amendment claim upon which relief can be granted.

We must now determine whether Plaintiff has asserted a cognizable Fourteenth Amendment claim.  Although Estelle v. Gamble, 429 U.S. 97 (1976), was decided under the Eighth Amendment, which prevents cruel and unusual punishment to those convicted of crimes, courts have determined that the deliberate failure or refusal to provide necessary medical treatment to persons held in police custody also violates the due process clause of the Fourteenth Amendment.  See Baldi v. Philadelphia, 609 F. Supp. 162, 166 (E.D. Pa. 1985). Accordingly, failure to provide medical care to a person *in custody* can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.  See, e.g., Groman v. Township of Manalapan, 47 F.3d 628, 637-38 (3d Cir. 1995) (citing Estelle, 429 U.S. 97).

To ascertain whether an individual has been held in "custody," the Supreme Court has instructed that custody must be determined based upon how a reasonable person in the suspect's situation would perceive or understand the situation.

---

prosecutions . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."  Deshaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199 n.6 (1989).

Yarborough v. Alvarado, 541 U.S. 652, 662 (2004).  While as previously noted Plaintiff was not an incarcerated prisoner, the Supreme Court has explained that even if a formal arrest did not occur in this case, there was clearly a restraint on the freedom of Plaintiff's movement of the degree associated with a formal arrest as he was pulled over by Officer Wiederhold, placed in handcuffs, and required to submit to a blood test at the Pottsville Hospital after being driven there by Officer Wiederhold.  Id. at 663.  As we previously explained, failure to provide medical care to a person *in custody* can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of *deliberate indifference to that person's serious medical needs*.  Groman , 47 F.3d at 637-38 (citing Estelle, 429 U.S. 97).  The Supreme Court has instructed that "deliberate indifference" may be manifested by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle, 429 U.S. at 104-5; see also Thomas v. Dragovich, 2005 U.S. App. LEXIS 14155, at *7 (3d Cir. 2005).

Accepting Plaintiff's allegations in the amended complaint as true, as we must, we find it noteworthy that Plaintiff admits that he had an exchange with Officer Wiederhold in which the Officer "**offered to transport Plaintiff where he wanted to go, whereupon Plaintiff advised Defendant Wiederhold that he would walk**."  (Am. Compl. ¶¶ 36, 38) (emphasis added).  Officer Wiederhold

therefore did not simply permit Plaintiff to leave the hospital by himself, but specifically asked to transport Plaintiff to a location of his choosing; however, Plaintiff "**advised Defendant Wiederhold that he would walk**." <u>Id.</u> at ¶ 36. (emphasis added).  It consequently strains credulity that Plaintiff is placing the burden on Officer Wiederhold to either forcibly keep Plaintiff at the Pottsville Hospital and Warne Clinic or to forcibly place him in his police vehicle.  By his own admission, Plaintiff was capable of having a dialogue with Officer Wiederhold, in which he first denied a generous offer to be driven to any location, and subsequently walked out of the hospital to his law office under his own power.

Therefore, after a careful review of the applicable caselaw and taking Plaintiff's allegations, particularly as noted above, as true, we do not find that Plaintiff has established a constitutional violation under § 1983 such that an alleged failure to provide medical treatment rose to the level of deliberate indifference to Plaintiff's serious medical needs.

Accordingly, the Motion to Dismiss is granted regarding Plaintiff's Eighth and Fourteenth Amendment claims.  As we have determined that Plaintiff has failed to state a claim against Officer Wiederhold, we need not reach the issue of whether he is entitled to the defense of qualified immunity.  Lastly, although Plaintiff attempts to hold the City of Pottsville liable for the alleged illegal actions

of Officer Wiederhold, since we have determined that Plaintiff failed to state an underlying constitutional violation against Officer Wiederhold, there is no basis for imposing 42 U.S.C. § 1983 liability against the City of Pottsville. <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986) ("neither <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm."); <u>see</u> <u>also</u> <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 467 (3d Cir. 1989).  Accordingly, Plaintiff has failed to state a claim against Defendant City of Pottsville upon which relief can be granted.

**B.    Motion to Dismiss Filed by Defendant Pottsville Hospital and Warne Clinic**

In the Motion to Dismiss, Defendant Pottsville Hospital and Warne Clinic argues that Plaintiff's claim for violation of the Eighth Amendment should be dismissed for failure to plead any facts to establish that the actions or inactions of the Pottsville Hospital and Warne Clinic constitute state action.  Alternatively, Defendant Pottsville Hospital and Warne Clinic assert that Plaintiff's claim for violation of the Eighth Amendment should be dismissed for failure to plead any facts to support that the fact that it acted with deliberate indifference to a serious medical need of an incarcerated person.

19

In his amended complaint, Plaintiff alleges that he was denied necessary medical care contrary to the Fifth, Eighth, Ninth, and Fourteenth Amendments.[7] "Defendants, their agents and employees, with knowledge of Plaintiff's medical needs, and/or with deliberate indifference to such medical needs, have acted or failed to act in such a manner as to prevent Plaintiff from obtaining needed medical treatment and case and/or to prevent needed medical treatment and care from reaching the Plaintiff thereby endangering the Plaintiff's health and well-being." (Am. Compl. ¶ 98).

After a thorough review of the record and applicable case law, we find even *assuming, arguendo*, that the conduct of the Pottsville Hospital and Warne Clinic constitutes state action, Plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted for the reasons that follow.

As we previously explained, the Eighth Amendment's prohibition against cruel and unusual punishment, made applicable to the States through the Fourteenth Amendment's due process clause, requires the State to provide adequate medical care to incarcerated prisoners; however, Plaintiff's amended complaint reveals that he was not a prisoner.  Robinson, 370 U.S. at 667; Estelle, 429 U.S. at 104-6.  Accordingly, Plaintiff has failed to state an Eighth Amendment

---

[7] As we have previously indicated, the only constitutional amendments cited by Plaintiff which are arguably implicated on this issue are the Eighth and Fourteenth Amendments.

claim upon which relief can be granted.

In determining whether Plaintiff has asserted a cognizable Fourteenth Amendment claim, we reiterate that courts have determined that the deliberate failure or refusal to provide necessary medical treatment to persons held in police custody violates the due process clause of the Fourteenth Amendment.  Baldi, 609 F. Supp. at 166.  The failure to provide medical care to a person *in custody* can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs. Groman, 47 F.3d at 637-38 (citing Estelle, 429 U.S. 97).  As we explained above, Plaintiff was in custody of the Pottsville Police Department when he entered the emergency room of the Pottsville Hospital because Officer Wiederhold transported him to the hospital in handcuffs after he was either arrested or detained for driving while under the influence and required to submit to a blood test.  Plaintiff was not permitted to leave, nor free to leave, the Pottsville Hospital until a blood test had been taken by proper personnel.  A restraint on the freedom of Plaintiff's movement therefore occurred of the degree associated with a formal arrest. Yarborough, 541 U.S. at 663.

Accordingly, we find that Plaintiff has established that he was in police custody during the relevant time period of this case; however, Plaintiff has failed to

establish a constitutional violation under § 1983 such that an alleged failure to provide medical treatment rose to the level of deliberate indifference to Plaintiff's serious medical needs.  Taking Plaintiff's allegations in the amended complaint as true, he has asserted an arguable, although dubious on its face claim that the Pottsville Hospital and Warne Clinic was negligent or that it may have failed to exercise the appropriate judgment in permitting Plaintiff to leave the hospital after the blood test was conducted despite the fact that it allegedly was aware of Plaintiff's kidney condition, observed a medical alert bracelet, and witnessed Plaintiff's "dazed mental condition."  However, it is significant and noteworthy that negligence in medical diagnosis and/or treatment does not constitute deliberate indifference, nor does medical malpractice.  Estelle, 429 U.S. at 106 ("[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a claim of medical mistreatment under the Eighth Amendment.") (internal citations omitted); White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990).  Plaintiff has therefore failed to establish that when he was in police custody Defendant Pottsville Hospital and Warne Clinic failed to provide medical care in a fashion which rose to the level of

deliberate indifference to Plaintiff's serious medical needs.  <u>Groman</u>, 47 F.3d at 637-38.  Plaintiff, who we again note admitted that he walked away from the Pottsville Hospital and Warne Clinic to his law office, then traveled to the Courthouse, and finally returned to his law office after the administration of the blood test, simply cannot inflate this panoply into a constitutional claim.  (Am. Compl. ¶¶ 39, 41-42).  Thus, Plaintiff has failed to state a claim upon which relief can be granted.  The Motion to Dismiss filed by Defendant Pottsville Hospital and Warne Clinic is accordingly granted.

Finally, as we have dismissed all claims over which we had original jurisdiction, we will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [in any civil action of which the district courts have original jurisdiction] if the district court has dismissed all claims over which it has original jurisdiction[.]").

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion of Defendants City of Pottsville and Officer Dennis

Wiederhold to Dismiss the Amended Complaint (doc. 15) is

GRANTED.

2.      The Motion to Dismiss filed by The Pottsville Hospital and Warne

Clinic (doc. 25) is GRANTED.

3.      The Clerk shall close the file on this case.


<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge